1  MICHAEL D. PADILLA, Esq. SBN 67060
2  JEFFREY M. PADILLA, Esq. SBN 239693
   THE PADILLA LAW GROUP, LLP
3  320 Encinitas Blvd., Suite A
   Encinitas, CA  92024
4  Tel: 858-481-5454/Fax:  858-720-9797

5
6  Attorneys for Plaintiffs,

7

8                  UNITED STATES DISTRICT COURT
9           CENTRAL DISTRICT OF CALIFORNIA (RIVERSIDE)
10

11 NAHUJA FERNANDO BRUNO AND      )   Case No.:
12 PIERINA BELLOCCHIO,            )
                   Plaintiffs,   )   **COMPLAINT FOR DAMAGES**
13                                )
                                 )   DEMAND FOR JURY TRIAL
14         v.                     )
15                                )   **1. Strict Liability**
   PPG INDUSTRIES, INC.,          )   **2. Negligence**
16 HOMAX PRODUCTS, INC.,          )   **3. Breach of Express Warranty**
17 LOWE'S HOME CENTERS, LLC       )   **4. Loss of Consortium**
   AND DOES 1 TO 10, INCLUSIVE,   )
18                   Defendants.  )
19 _____)

20
      Plaintiffs, NAHUJA FERNANDO BRUNO and PIERINA BELLOCCHIO,  by and through
21
   their attorneys, hereby alleges as follows against Defendants, PPG INDUSTIRES, INC., HOMAX
22
   PRODUCTS, INC., LOWE"S HOME CENTERS, LLC  AND DOES 1 TO 10, INCLUSIVE:
23

24                            **PARTIES**
25      1. Plaintiffs, NAHUJA FERNANDO BRUNO and PIERINA BELLOCCHIO, are and were, at
26
   all relevant times, residents of the State of California and married to each other.
27
       2. Plaintiffs were injured and suffered damages from acts and omissions by Defendants, and
28
   each of them, in the State of California.  Plaintiff PIERNINA BELLOCCHIO, is a Loss of Consortium

                                   1

Plaintiff and has suffered the loss of her husband's comfort, society, companionship, and consortium due to his injuries in California.

3. The defendant, PPG INDUSTIRES, INC., is a Pennsylvania corporation and the parent company of Homax. PPG maintains its Corporate Headquarters at One PPG Place, Pittsburg, Pennsylvania, 15272.  It may be served by mail at its corporate headquarters, One PPG Place, Pittsburgh, PA  15272.

4. The defendant HOMAX PRODUCTS, INC. (hereinafter, "Homax") is a Delaware corporation formerly, but not currently, registered to transact intrastate business in California. Via a certificate it filed with the California Secretary of State on or about August 24, 2016, it has consented to receive service of process by mail c/o the defendant PPG INDUSTIRES, INC. ("PPG"), One PPG Place, Pittsburgh, PA  15272.

5. The defendant LOWE'S HOME CENTERS, LLC (hereinafter,"Lowe's") is a North Carolina corporation doing business at various locations in California. Its California agent for service of process is CSC-Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833-3505.

6. Plaintiffs do not know the true names of the defendants sued herein as does 1-10, inclusive, and each of them.  Plaintiffs allege that each of the fictitiously named defendants is responsible in some manner for the occurrences herein ALLEGED, and caused the injuries and damages sustained by plaintiffs as herein alleged.

7. In engaging in the conduct alleged herein, each defendant acted as the agent for each of the other defendants.

8. At all times relevant to this action, the defendants intentionally, recklessly, and/or negligently concealed, suppressed, omitted, and/or misrepresented the risk of explosion of Homax Orange Peel Water-Based Aerosol Wall Texture (the "product"), and sold, advertised, promoted, marketed, and distributed the product as safe when in fact they knew that the product was not safe for its intended purpose(s), and that the product had caused, and would cause, serious injuries to users and others in the immediate vicinity of its use.

COMPLAINT AND DEMAND FOR JURY TRIAL

9. At all times relevant to this action, the defendants sold, designed, developed, manufactured, promoted, marketed, distributed, and warranted the product in interstate commerce, including California.

## JURISDICTION AND VENUE

10. Jurisdiction in this action is based on 28 U.S.C. §§ 1332 and 1337. Plaintiffs and all Defendants are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs. Jurisdiction over the state law claims is based on 28 U.S.C. § 1367.

11. Venue is proper in this court under 28 U. S. C. §§ 1391(b)(2) because the Defendants are authorized to conduct business and have conducted substantial business in this district, have intentionally availed themselves of the laws within this district and are subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

12. On May 5, 2022, at about 9 a.m. Mr. Bruno purchased two 20-ounce metal aerosol cans of Homax Orange Peel Water-Based Aerosol Wall Texture at Lowe's store #2294, located at 30472 Haun Road, Menifee, CA  92584. Neither aerosol can showed any outward sign of over-pressurization or anything else that would have warned plaintiff of any risk of explosion. Plaintiff also purchased nine-foot door molds, so he opened the back windows of his truck to accommodate the door molds and placed them and the aerosol cans in the rear seating area of his truck.

13. About noon the same day, plaintiff picked up both aerosol cans, intending to use them for a job in Menifee on which he was working. The aerosol cans were not hot to the touch, and plaintiff was able to hold them in his bare hands without difficulty or discomfort. Suddenly and with no warning, and without plaintiff shaking either can, one of the aerosol cans exploded into his face, causing serious and permanent injuries. Despite flushing his eyes with water almost immediately, plaintiff has permanent and severe vision loss, among other injuries.

14. Mr. Bruno does not have, or know the current state or possessor of, the can that exploded or any fragment thereof. However, his attorneys have the unexploded can, the bottom of which bears codes "21307" and "SC 39973."

COMPLAINT AND DEMAND FOR JURY TRIAL

15. At all times relevant to this action, the defendants knew the can that exploded was over-pressurized, defective, and/or unsafe for the product's intended use and thus dangerous for the user(s).

16. At all times relevant to this action, the defendants failed to provide sufficient warnings and instructions that would have put plaintiff and the general public on notice of the dangers and adverse effects of the product's explosion.

17. The product was defective and dangerous as the defendants sold, supplied, designed, promoted, manufactured, marketed, and distributed it.

## FIRST CAUSE OF ACTION
## (STRICT PRODUCT LIABILITY)

18. All previous paragraphs are hereby incorporated herein by reference as if fully set forth herein.

19. The product was not reasonably safe for its intended use and was defective due to its over-pressurization and the lack of adequate warnings.

20. The defendants are strictly liable for designing, manufacturing, marketing, labeling, packaging, promoting, and selling a defective product.

21. As direct and proximate results of the defendants' acts and omissions, plaintiff has experienced and will continue to experience significant mental and physical pain and suffering, partial blindness, headaches, ear pain and hearing difficulty, pain and stiffness in his arms, shoulders, neck, and back, has undergone and will continue to undergo medical procedures, and has suffered financial or economic loss, including but not limited to medical expenses and lost income.

22. Further, as a direct and legal result of defendants acts and omissions, carelessness and wrongdoing, plaintiff has been prevented from attending to his usual occupation, and/or has had his capacity to engage in gainful employment diminished, all to his damages in an unknown amount at this time. Plaintiff will seek leave of court to plead and prove the amount of lost income and future loss of income according to proof at time of trial.

COMPLAINT AND DEMAND FOR JURY TRIAL

23. WHEREFORE the plaintiffs pray for judgment against each defendant as set forth herein.

## SECOND CAUSE OF ACTION

### (NEGLIGENCE)

24. All previous paragraphs are hereby incorporated herein by reference as if fully set forth herein.

25. Each defendant had a duty to Mr. Bruno and other intended users to use reasonable care in designing, manufacturing, testing, marketing, labeling, packaging, promoting, inspecting, and selling the product.

26. The defendants were negligent in failing to use reasonable care to properly pressurize the product, to adequately inspect and test the product before its sale, and to give proper warnings and instructions for its use.

27. As a direct and proximate result of Defendants and Does 1-10's negligence, plaintiffs experienced significant mental and physical pain and suffering, sustained permanent injury, has undergone medical treatment and has suffered financial or economic loss, including, but not limited to, obligations for medical services and expenses, lost income, and other damages.

28. Further, as a direct and legal result of defendants alleged negligence, carelessness and wrongdoing, and each of them, plaintiff has been prevented from attending to his usual occupation, and/or has had his capacity to engage in gainful employment diminished, all to his damages in an unknown amount at this time. Plaintiff will seek leave of court to plead and prove the amount of lost income and future loss of income according to proof at time of trial.

29. WHEREFORE the plaintiffs pray for judgment against each defendant as set forth herein.

## THIRD CAUSE OF ACTION

### (BREACH OF EXPRESS WARRANTY)

30. All previous paragraphs are hereby incorporated by reference as if fully set forth herein.

31. Defendants and Does 1-10 made assurances as described herein to the general public that the Products were safe and reasonably fit for their intended purposes including but not limited to the warranties provided in the Product labeling and packaging.

COMPLAINT AND DEMAND FOR JURY TRIAL

32. Plaintiff chose the Product based upon Defendant's warranties and representations as described herein regarding the safety and fitness of the Product.

33. Plaintiff reasonably relied upon Defendant's express warranties and guarantees that the Products were safe, merchantable, and reasonably fit for their intended purposes.

34. Defendant breached these express warranties because the Product was unreasonably dangerous and defective as described herein and not as Defendant had represented.

35. Defendant's breach of their express warranties resulted in the explosion of the aerosol cans which was dangerous and defective, placing Plaintiff's health and safety in jeopardy.

36. As a direct and proximate result of the defendants' breach of express warranty, Mr. Bruno has suffered the injuries and damages, including lost wages, earning capacity and income, all to his special damage in an amount to be determined at the time of trial herein.

37. WHEREFORE, Plaintiffs pray for judgement against Defendants, and each of them, as hereinafter set forth.

## FOURTH CAUSE OF ACTION

## (LOSS OF CONSORTIUM)

38.   All previous paragraphs are hereby incorporated herein by reference as if fully set forth herein.

39. As direct and proximate results of Mr. Bruno's injuries described above, Ms. Bellocchio has suffered and will continue to suffer the loss of her husband's consortium, companionship, society, affection, services, and support.

## PRAYER FOR RELIEF

Plaintiff s pray for judgment for each alleged cause of action, as follows:

1. For past and future non-economic and general damages, according to proof at the time of trial;

2. For past and future economic/special damages, including but not limited to medical care, treatment, rehabilitation, attendant care costs, and loss of income, wages and earning potential, in an amount which will conform to proof at time of trial;

3. For punitive or exemplary damages in an amount to be determined at trial;

COMPLAINT AND DEMAND FOR JURY TRIAL

4. For such other and further relief as the Court deems just and proper.

Dated:  January 17, 2024                    THE PADILLA LAW GROUP, LLP

                                            By: _____
                                                MICHAEL D. PADILLA, ESQ.
                                                Attorneys for Plaintiffs
                                                NAHUJA FERNANDO BRUNO and
                                                PIERINA BELLOCCHIO

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues triable of right by jury.

Dated:  January 17, 2024                    THE PADILLA LAW GROUP, LLP

                                            By: _____
                                                MICHAEL D. PADILLA, ESQ.
                                                Attorneys for Plaintiffs
                                                NAHUJA FERNANDO BRUNO and
                                                PIERINA BELLOCCHIO

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record.

By: _____

Marena L. Mills

**COMPLAINT AND DEMAND FOR JURY TRIAL**